Joseph A. Pollock, ABA 9611070
Bruce E. Davison, ABA 8211111
DAVISON & DAVISON, INC.
3351 Arctic Boulevard
Anchorage, AK 99501
Phone: 907-563-6555
Attorneys for Defendants Continental Casualty Co.; National Fire Insurance Co. of Hartford; Seaboard Surety Co.; and St. Paul Fire and Marine Insurance Co.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of GBC, LLC CONTRACTORS dba GROSE BROTHERS, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD, SEABOARD SURETY CO., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendants. | Case No. A04-0222 Civ. (RRB) <br><br> **STATUS REPORT** |

COME NOW defendants, Continental Casualty Company, National Fire Insurance Co. of Hartford, Seaboard Surety Co., and St. Paul Fire and Marine Insurance Company (the Sureties), by and through counsel of record, Davison & Davison, Inc., and herein provides a status report in response to the January 16, 2007, Minute Order from Chambers found at Docket 15. In summary, the Court

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    1
Case No. A04-0222 Civ.

should dismiss Grose Brothers' Civil action with prejudice for failing to timely pursue arbitration.

## I.     BACKGROUND

Defendant Sureties provided Miller Act bonds to principal and general contractor, Dick Pacific/Ghemm, J.V. (DPG). DPG is the general contractor on the Bassett Hospital Replacement Project located at Fort Wainwright near Fairbanks, Alaska. Plaintiff Grose Brothers was a subcontractor to DPG executing a written contract that is attached to its Complaint as Exhibit 2. That contract contains an arbitration clause.

Grose Brothers' work on the project was materially deficient. By letter dated October 1, 2003, DPG terminated Grose Brothers from the project advising that it would cease all payments to Grose Brothers and use the remaining funds to make payments for the completion of the work inclusive, but not limited to, all outstanding payments to the union trust funds, vendors and other financial obligations. Thereafter, DPG completed Grose Brothers' scope of work with its own forces, satisfied union trust, vendor and other financial obligations. DPG made no further payments to Grose Brothers after October 1, 2003.

DPG's expenses in completing Grose Brothers' work and paying its creditors following its default, when added to the payments made Grose Brothers, exceed its subcontract value by more than $700,000. DPG is entitled to recovery from GBC of this amount in damages. DPG has not invested the resources to

demand and pursue recovery against Grose Brothers in arbitration due to Grose Brothers' financial condition and lack of assets. Such claim would be asserted as a counterclaim in any arbitration demanded by Grose Brothers.

On September 23, 2004, Grose Brothers filed the instant civil action against DPG's four Miller Act sureties. The Sureties' seventh defense in its Answer of November 24, 2004, was that Grose Brothers' claims against the Sureties were subject to mandatory arbitration pursuant to the contract between DPG and Grose Brothers.

In light of this requirement, on January 21, 2005, the parties jointly submitted a stipulation to stay the civil action to allow either or both of the parties to initiate arbitration "in the near future." (Docket 13 at 2.) On January 24, 2005, the stipulated stay was ordered by the Court. Some eight months later, at Docket 14, the Court ordered plaintiff Grose Brothers to file a status report on or before September 1, 2006. However, Grose Brothers failed to file any status report as required by the Court. The Court's January 16, 2007, order reiterates that no report was received in response to its order at Docket 14 and then states, "If the court receives neither appropriate closing papers nor a report within thirty (30) days from the date of this order, the court will assume that the parties have settled the case and it will be dismissed with prejudice."

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.   3
Case No. A04-0222 Civ.

## II.   DISCUSSION

The stipulated stay executed by Grose Brothers is clearly an acknowledgment that its exclusive remedy against DPG and the Miller Act sureties lies in an arbitration proceeding as required by the parties' contract. To date, Grose Brothers has failed to demand arbitration. No arbitration proceedings between DPG, Grose Brothers or the Sureties exist.

The time within which Grose Brothers could initiate arbitration has also expired. The DPG/Grose Brothers' contract is governed by Alaska law and the applicable three year statute of limitations for contracts. Grose Brother's Complaint alleges that it is entitled to additional compensation on the project in an amount in excess of $100,000, the exact amount to be proven at trial. (Complaint at para. 11.) However, Grose Brothers was told on October 1, 2003, that it would receive no further payments from DPG. Thus, the statute of limitations began to run at least by October 1, 2003, and expired on or about October 2, 2006. Grose Brothers having failed to demand arbitration within the applicable statute of limitations period is precluded from doing so now.

While filing this suit claiming entitlement to a sum in excess of $100,000, DPG has to date never received any explanation, quantification or justification for any additional amount allegedly owed to Grose Brothers. Nor has Grose Brothers complied with the subcontract requirements for presenting and justifying such a claim. Following the stay of this civil action, GBC has failed to

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.   4
Case No. A04-0222 Civ.

demand arbitration or to take any action whatsoever to quantify or pursue its claim for more than two years.

Further, Grose Brothers violated the express mandate of the Court's August 21, 2006, order requiring the filing of a status report on or before September 1, 2006. Grose Brothers has also violated the terms and conditions of the order staying the case by failing to timely seek arbitration. Simply put, Grose Brothers has failed to prosecute this case.

### III.   CONCLUSION

Grose Brothers' opportunity to demand arbitration is foreclosed by the expiration of the three-year statute of limitations for contract actions. Further, Grose Brothers failed to comply with the orders of this Court. Therefore, based on these deficiencies, Grose Brothers' instant civil action against the Sureties must be dismissed.

DATED at Anchorage, Alaska this 13th day of February 2007.

DAVISON & DAVISON, INC.
Attorneys for Defendants Continental Casualty Co.; National Fire Insurance Co. of Hartford; Seaboard Surety Co.; and St. Paul Fire and Marine Insurance Co.


By:   /s/ Joseph A. Pollock
      Joseph A. Pollock, ABA 9611070
      3351 Arctic Boulevard
      Anchorage, AK  99503
      Phone:  907-563-6555
      Fax:  907-562-7873
      E-mail:  japollock@gci.net

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.     5
Case No. A04-0222 Civ.

LAW OFFICE OF
DAVISON & DAVISON, INC.
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

THIS IS TO CERTIFY that on
the 13th day of February 2007, the original
above-referenced document was electronically filed on:

Office of the Clerk
U.S. District Court
101 12th Ave. Room 332
Fairbanks, AK  99701

and I hereby certify that on the 13th day of February 2007,
a copy of the foregoing document was served electronically on:

Mr. Raymond Royce
Mr. Jason Bergevin
LAW OFFICES OF ROYCE & BRAIN
1407 W. 31st Ave., 7th Floor
Anchorage, AK  99503

/s/ Julie Eibeck, Legal Secretary
Certification Signature

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.     6
Case No. A04-0222 Civ.