Raymond H. Royce, Esq.
Jason L. Bergevin, Esq.
Law Offices of Royce & Brain
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska 99503-3678
Phone: 907.258.6792
Fax: 907.279.2919

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of GBC, LLC CONTRACTORS dba GROSE BROTHERS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SEABOARD SURETY COMPANY and ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. A04-0222 CI (RRB) |

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff, GBC, LLC Contractors dba Grose Brothers ("GBC"), by and through its counsel of record, the Law Offices of Royce & Brain, hereby opposes Defendants' Motion for Summary Judgment. GBC's claim against Dick Pacific / Ghemm J.V.'s ("DPG")

Miller Act Sureties was timely filed. The one-year statute of limitations under the Miller Act (40 U.S.C. § 3131 et seq.) does not require nor allow dismissal of GBC's Miller Act claims.

## I. PROCEDURAL HISTORY

On September 23, 2004, GBC filed the present action against Continental Casualty Company, National Fire Insurance Company of Hartford, Seaboard Surety Company and St. Paul Fire and Marine Insurance Company (collectively "Sureties"), which had provided Miller Act bonding to DPG for the Bassett Hospital Replacement Project at Ft. Wainwright, Alaska. The Sureties answered GBC's complaint on November 24, 2004.

On January 21, 2005, the parties stipulated to stay the present case to allow GBC and DPG to arbitrate contract disputes arising from the project. The Court entered the stay on January 24, 2005. As noted in the stay, "GBC initiated the present civil action in order to preserve its Miller Act rights against the Sureties."

In response to the Court's January 16, 2007 Minute Order, both GBC and the Sureties filed status reports. In its status report, the Sureties argued that the statute of limitations governing GBC's right to seek arbitration with DPG had expired and requested the Court dismiss GBC's present action. GBC's status report informed the Court that the demand for arbitration had been filed and that the arbitration would commence within six months. By its March 6, 2007 Minute Order, the Court treated the Sureties Status Report as

*Opposition to Motion for Summary Judgment*, Page 2 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)

a motion for summary judgment and instructed GBC to file its opposition by March 27, 2007.

## II. STATEMENT OF THE LAW

The present action is filed pursuant to 40 U.S.C. § 3131 et seq., commonly referred to as the Miller Act. The Miller Act requires that payment and performance bonds be secured "before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government." 40 U.S.C. § 3131(b). Section 3133 allows any person who supplies labor or materials to a project to bring an action against the payment bond if payment is not made. An action brought by a party supplying materials or labor to the project must be filed within one year of the day on which the party last supplied materials or labor to the project. 40 U.S.C. § 3133(b)(4). The right to bring a civil action on a payment bond may only be waived 1) in writing, 2) signed by the person waiving the rights afforded by the statute, and 3) executed after the materials or labor have been provided to the project in question. 40 U.S.C. § 3133(c).

The Miller Act is "highly remedial in nature [and] is entitled to a liberal construction and application in order properly to effectuate the Congressional mandate to protect those whose labor and materials go into public projects." Walton Tech., Inc. v.

*Opposition to Motion for Summary Judgment*, Page 3 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)

Westar Eng'g, Inc., 290 F.3d 1199, 1205 (9th Cir. 2002) (*citing* United States ex rel. Sherman v. Carter, 353 U.S. 210, 216 (1957)). Furthermore, the Miller Act creates a "federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal law, not state law." F.D. Rich Co., Inc. v. United States *ex rel.* Indus. Lumber Co., Inc., 417 U.S. 116, 128 (1974); Walton Tech., Inc., 290 F.3d at 1206. "[T]he liability of a Miller Act surety is controlled by federal law because determination of the extent of the liability involves the construction of a federal statute, the Miller Act, under which it was created." Walton Tech., Inc., 290 F.3d at 1206.

## III. DISCUSSION

GBC understands the Court's order treating the Sureties Status Report as a motion for summary judgment to raise the question whether the present action is barred by the applicable statute of limitation.[1] It is GBC's position that it timely filed its Miller Act claim against the Sureties. The Sureties confuse the statute of limitations governing GBC's Miller Act claims with the statute of limitations governing GBC's contract claims against DPG. GBC's claim in the present dispute arise pursuant to the Miller Act. The existence of the arbitration clause in the DPG / GBC subcontract does not alter the statutory nature of GBC claims against the Sureties. GBC's Miller Act rights are a separate federal cause of

---

[1] Given the brevity and lack of authority in the Sureties Status Report, GBC may request leave of the Court to file supplemental briefing based on the reply filed by the Sureties.

*Opposition to Motion for Summary Judgment*, Page 4 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)

action, independent of any contractual rights it may have against DPG. The question is one of venue: in which forum will GBC, DPG and the Sureties resolve their various disputes? Pursuant to the Miller Act, the federal courts are available to address GBC's Miller Act claims against the Sureties. Pursuant to the subcontract between GBC and DPG, the contract disputes between GBC and DPG must be resolved by arbitration. In light of the Sureties status report, it appears that the Sureties have decided that they would rather have the dispute between GBC and the Sureties decided in federal court, rather than allow GBC and DPG to arbitrate their contract disputes.

As was noted in the Stipulation to Stay Civil Action Pending Arbitration, GBC filed the present action to preserve its Miller Act rights. The passage of time has not altered those rights in any form. The statute of limitations applicable to GBC's Miller Act rights is prescribed by 40 U.S.C. § 3133, not by AS § 9.10.053, Alaska's statute of limitations concerning contract claims. While the Sureties complain that GBC was dilatory in commencing the arbitration proceeding, neither the Sureties nor their principal have taken any action either. No prejudice has resulted from the delay. In fact, the project was only completed in 2006. Had the Sureties been truly concerned about the passage of time, they could have either requested the Court compel the arbitration or resume the present action. The Sureties Status Report does not allege that GBC has failed to comply with the statutory

*Opposition to Motion for Summary Judgment*, Page 5 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)

one year filing requirement that applies to Miller Act claims. Whether Alaska's three year statute of limitations precludes GBC from further pursuing its arbitration with DPG is a matter for the arbitrator to decide, not this Court. The two proceedings are independent and are governed by different statutes of limitation.

GBC has not waived its right to maintain a civil action against the Sureties. GBC has not executed a waiver in writing, signed by the managing member of GBC, after it provided labor to the project. The stipulation to stay this proceeding while GBC and DPG pursued arbitration of claims arising out of their subcontract does not affect GBC's right to maintain the present action against the Sureties.

IV. CONCLUSION

For the foregoing reason, GBC respectfully requests the Court deny the Sureties motion for summary judgment and allow the present case to remain active. GBC fully complied with the Miller Act statute of limitations that requires all actions against the payment bond to be commenced within one year. Dismissal of the present case is improper. GBC respectfully requests the Court allow this case to remain stayed pending the arbitration between GBC and DPG.

*Opposition to Motion for Summary Judgment*, Page 6 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)

RESPECTFULLY SUBMITTED this 27th day of March, 2007.

LAW OFFICES OF ROYCE & BRAIN
Counsel for Grose Brothers


  s/Jason L. Bergevin
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska 99503
Phone: 907/258-6792
Fax: 907/276-2919
Email: jbergevin@roycebrain.com
Alaska Bar Association No. 9911057


CERTIFICATE OF SERVICE

I hereby certify that on 3/27/07 a true and correct copy of the foregoing document was served via ECF on:

    Joseph A. Pollock, Esq.
    Law Offices of Davison & Davison, Inc.
    3351 Arctic Blvd.
    Anchorage, AK 99503


By:   s/I-hsin Song
    I-hsin Song / Ashley Wills


*Opposition to Motion for Summary Judgment*, Page 7 of 7
*Ex Rel* GBC, LLC Contractors dba Grose Brothers v. Continental Casualty Company, et. al.
Case No. A04-0222 CI (RRB)    V:\Client Folders\1806\pleads\1806.05\1806.05 Opposition to Motion for Summary Judgment.wpd