Joseph A. Pollock, ABA 9611070
Bruce E. Davison, ABA 8211111
DAVISON & DAVISON, INC.
3351 Arctic Boulevard
Anchorage, AK  99501
Phone:  907-563-6555
Attorneys for Defendants Continental Casualty Co.; National Fire Insurance Co. of
Hartford; Seaboard Surety Co.; and St. Paul Fire and Marine Insurance Co.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of GBC, LLC CONTRACTORS dba GROSE BROTHERS, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, NATIONAL FIRE INSURANCE CO. OF HARTFORD, SEABOARD SURETY CO., and ST. PAUL FIRE AND MARINE INSURANCE COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. A04-0222 Civ. (RRB) <br><br> **REPLY ON MOTION FOR SUMMARY JUDGMENT** |

COME NOW defendants, Continental Casualty Company, National

Fire Insurance Co. of Hartford, Seaboard Surety Co., and St. Paul Fire and Marine

Insurance Company (collectively referred to as the "Sureties"), by and through

counsel of record, Davison & Davison, Inc., and herein reply to their Status Report

filed at Docket 16 converted by the Court to a Motion for Summary Judgment.

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.     1
Case No. A04-0222 Civ.

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

Plaintiff Grose Brothers' Opposition to the Motion for Summary Judgment is located at Docket 19.

Three independent reasons exist for dismissing Grose Brothers' stayed civil action with prejudice. First, Grose Brothers failed to prosecute this case and dismissal is warranted under Fed. R. Civ. P. 41(b). Second, Grose Brothers' delay in seeking arbitration constitutes default under the Federal Arbitration Act. Third, Grose Brothers' failure to timely pursue arbitration is a waiver of any right to arbitration.

## I.    BACKGROUND

Dick Pacific/Ghemm, J.V. (DPG) is the general contractor on the Bassett Hospital Replacement Project located at Fort Wainwright, Alaska. (Complaint at para. 9.) DPG, as principal, procured bonds from defendant Sureties for the project as required by the Miller Act (40 U.S.C. §3131 et seq.) (Complaint at para. 6.) DPG subcontracted with Grose Brothers to perform certain concrete work on the project. (Complaint at para. 10.) On May 16, 2002, the parties entered a written contract which is attached as Exhibit 2 to Grose Brothers' Complaint. (Complaint, Ex. 2.) The contract contains an arbitration clause. (Complaint, Ex. 2 at p. 15.)

Grose Brothers' work on the project was materially deficient. By letter dated October 1, 2003, DPG terminated Grose Brothers from the project advising that it would cease all payments to Grose Brothers and use the remaining

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    2
Case No. A04-0222 Civ.

funds to make payments for the completion of the work inclusive, but not limited to, all outstanding payments to Union trust funds, vendors and other financial obligations. (Ex. 1 to Affidavit of Ronald Young.) Thereafter, DPG completed Grose Brothers' scope of work with its own forces, satisfied Union trust, vendor and other financial obligations. DPG made no further payments to Grose Brothers after October 1, 2003.

On September 23, 2004, Grose Brothers filed the instant civil action against DPG's four Miller Act Sureties. (Docket 1.) On November 24, 2004, the Sureties filed their Answer and identified as their seventh defense that Grose Brothers' claims against the Sureties were subject to mandatory arbitration pursuant to the contract between DPG and Grose Brothers. (Docket 3.)

The present civil action was not the first between Grose Brothers, DPG and its Sureties related to this project and the DPG/Grose Brothers' contract. In United States of America for use and benefit of Rebar Placement Co. v. GBC, LLC Contractors, d/b/a Grose Brothers, et al., Case No. A03-73-CV (JWS), Rebar Placement Company, a subcontractor for Grose Brothers, brought a civil action against Grose Brothers and the Sureties. DPG filed a Complaint in Intervention to enforce indemnity obligations of Grose Brothers. (See generally, Ex. 1.) Grose Brothers refused to defend and indemnify DPG for the claims of Rebar Placement Company despite an express contractual requirement to do so. Grose Brothers'

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    3
Case No. A04-0222 Civ.

attorney even "conceded that GBC had an obligation to indemnify DPG" but it simply refused to pay.  (Ex. 1 at 2.)

An issue addressed in this earlier case was whether DPG's Complaint in Intervention was subject to the arbitration clause between DPG and Grose Brothers.  The Court's Order of July 2, 2004, explained that "The arbitration clause is all-inclusive:  it encompasses any controversy between the parties regarding any matter in the subcontract."  (Ex. 1 at 6.)  The Order further explained that the Sureties are third-party beneficiaries of the DPG/Grose Brothers' contract and found that "The Ninth Circuit has held that third party beneficiaries may enforce arbitration agreements."  (Ex. 1 at 7.)  The Court ruled that the contract between DPG and GBC provides for arbitration and comes within the scope of the Federal Arbitration Act.  Id. at 4-5.  In deciding whether to stay or dismiss the case without prejudice, the Court noted "that staying the action as opposed to dismissal would do no more than provide a judicial forum for enforcement of the arbitration award." (Ex. 1 at 11.)  The Court then dismissed DPG's Complaint on Intervention without prejudice.  (Ex. 1 at 12.)

Notwithstanding the Court's July 2, 2004, Order stating that the Sureties may enforce the arbitration agreement between principal DPG and Grose Brothers, on September 23, 2004, Grose Brothers initiated the present lawsuit against the Sureties.  Thereafter, the parties presented the Court with a stipulated stay of the case.  On January 24, 2005, the Stipulated Stay was ordered by the

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    4
Case No. A04-0222 Civ.

Court.  In the stay, Grose Brothers promised to "initiate arbitration in the near future."  (Docket 13 at 2.)

After the stay was entered, Grose Brothers made no effort to conclude the federal court case or pursue arbitration.  Grose Brothers failed to file a demand for arbitration.  Some 19 months later, the Court ordered plaintiff Grose Brothers to file a status report on or before September 1, 2006.  (Docket 14.)  However, Grose Brothers failed to file any status report in violation of the Court order.  Some five months later, the Court's order of January 16, 2007, again required the filing of closing papers or an appropriate report.  (Docket 15.)  It was only after the Sureties filed their status report, now deemed a motion for summary judgment, that Grose Brothers filed a status report and demanded arbitration.

## II.    LEGAL STANDARD APPLIED

A.    Summary Judgment Standard.

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.  Fed. R. Civ. P. 56(c); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

B.    Grose Brothers Waived Its Right To Adjudicate A Miller Act Claim In Federal Court When It Consented to Arbitration.

The Miller Act (40 U.S.C. § 3131 et seq.) requires the furnishing of performance and payment bonds on construction work for the United States.  40 U.S.C. § 3131(b).  As principal, the project general contractor is required to

LAW OFFICE OF
DAVISON & DAVISON, INC.
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

purchase the bonds.  <u>Id.</u>  The payment bond is intended to assure that subcontractors and material suppliers will be paid on a government owned project. All suits under the Miller Act are to be brought in the United States District Court where the contract was to be performed.  40 U.S.C. § 3133(b)(3).  However, this venue is not exclusive and the Miller Act does not prohibit agreements by subcontractors to arbitrate elsewhere.  <u>Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc.</u>, 364 F.2d 705, 708 (2d Cir. 1966).  Miller Act suits will be stayed pending arbitration between the subcontractor and general contractor.  <u>Portland Constr. Co. v. Weiss Pollution Control Corp.</u>, 532 F.2d 1009, 1012-1013 (5th Cir. 1976); 9 U.S.C. § 3.  The Miller Act surety, even if not a party to the arbitration proceedings, is entitled to rely upon the arbitration results.  <u>Aurora Painting, Inc. v. Fireman's Fund Insurance Co.</u>, 832 F.2d 1150, 1152-1153 (9th Cir. 1987).  A subcontractor cannot recover twice for the same wrong—the adjudication of the Miller Act case must be resolved either in arbitration or at court but not both.

Grose Brothers is not entitled to both arbitrate the dispute against DPG and then litigate its Miller Act claim against the Sureties.  <u>Weiss</u>, 532 F.2d at 1012.  The practical effect of the stayed Miller Act case is to guard against the possibility that the principal/general contractor may become insolvent and unable to pay the arbitration award and thus requiring the surety to be a source of funds for the payment.  (<u>Id.</u>; Ex. 1 at 11.)("The court notes that staying the action as opposed

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    6
Case No. A04-0222 Civ.

to dismissal would do no more than provide a judicial forum for enforcement of the arbitration award.")

A stay of the Grose Brothers federal court Miller Act action was the proper course of action. However, Grose Brothers' dilatory conduct in pursuing arbitration requires dismissal of the lawsuit.

### III.    DISCUSSION

A.    Grose Brothers' Civil Action Must Be Dismissed For Failure To Prosecute.

Grose Brothers failed to prosecute the instant civil action and it must be dismissed by the Court pursuant to Federal Rule of Civil Procedure 41(b). Federal Rule of Civil Procedure 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision. . . operates as an adjudication upon the merits.

In Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991), the Ninth Circuit Court of Appeals upheld a district court decision to dismiss a civil action with prejudice where the plaintiff failed to timely pursue arbitration. Id. at 651-652. In Morris, the Court outlined a four-factor balancing test: (1) the court's need to manage its docket, (2) the public interest in expeditious resolution of litigation, (3) the risk of prejudice to the defendants from delay, and (4) the policy favoring disposition of cases on the merits. Id. at 651. The failure to prosecute diligently is sufficient by itself to justify dismissal even in the absence of a showing

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

of actual prejudice to defendant from the failure.  Id.  The district court's Rule

41(b) dismissal is vested to the sound discretion of the trial court.  Id. at 652.  In

Morris, the Morris's unnecessarily delayed adjudication of certain federal claims

through arbitration for almost two years.  Id. at 652.

Grose Brothers, as plaintiff, is responsible for moving the dispute to

resolution.  Instead, Grose Brothers delayed almost four years to seek arbitration of

its claims against DPG.  Grose Brothers asserts that it is entitled to additional funds

from DPG but was advised by DPG on October 1, 2003, that it would receive no

more funds.  (Ex. 1 to Affidavit of Ronald Young.)  Grose Brothers did not seek

arbitration for more than two years after the January 24, 2005, stay was entered.

Grose Brothers did not demand arbitration until February of 2007 after the Sureties

had filed a status report, now deemed a motion for summary judgment, requesting

that the civil action be dismissed.  Grose Brothers failed to comply with the August

21, 2006, Court order requiring a status report.  Surprisingly, Grose Brothers makes

no effort to justify or explain its blatant disregard for the Court's order.

Having availed itself to federal court, Grose Brothers cannot thwart

the Court's management of the docket and let the case sit interminably.  With a

delay of several years to seek arbitration, the prejudice to defendants in defending a

stale case is obvious and actual prejudice need not be shown.  Morris, 942 F.2d at

651-652.  The concrete work performed by Grose Brothers is no longer visible,

witness's memories fade or are no longer available.  Grose Brothers is no longer

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.      8
Case No. A04-0222 Civ.

performing work and DPG has no ability to verify conditions for which Grose

Brothers claims extra funds. It was Grose Brothers' responsibility to move this

litigation forward at a reasonable pace and to refrain from dilatory and evasive

tactics. See, Id. at 652.

Expiration of the statute of limitations further justifies dismissal of

this lawsuit under Rule 41(b). Grose Brothers was advised on October 1, 2003,

that it would receive no additional funds from DPG. (Ex. 1 to Affidavit of Ronald

Young.) However, Grose Brothers' Complaint and arbitration demand seeks

additional funds from DPG. Alaska's three year statute of limitations for contract

actions applies to Grose Brothers' claims. (Complaint, Ex. 2 at 16.)(Alaska law

applies to contract.) Alaska Statute 09.10.053 requires contract actions to be

brought within three years. Given that Grose Brothers knew or should have known

on October 1, 2003, that it would receive no further funds, the statute of limitations

ran on or before October 1, 2006. See Bauman v. Day, 892 P.2d 817, 827-828

(Alaska 1995).

Arbitration was Grose Brothers' exclusive forum to adjudicate this

claim. The issue is not the Miller Act statute of limitations, but whether Grose

Brothers sought arbitration with the three years contract statute of limitations – it

clearly did not. Completion of arbitration was a mandatory condition precedent to

any remedy from the Surety. Grose Brothers' failure to pursue arbitration within

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

the applicable statute of limitations justifies dismissal of the present action under Rule 41(b) for failure to prosecute.

The instant case is moot. There no longer is a viable basis for arbitration and the demand made was outside the period to do so. There remains no point to the federal case and given the expired claims, there can be no arbitration award to enforce in federal court.

Plaintiff Grose Brothers made no effort to justify its dilatory conduct in this case. For its unexplained failure to prosecute, Grose Brothers' case must be dismissed with prejudice.

B.    <u>Grose Brothers' Civil Action Must Be Dismissed For Violating The Federal Arbitration Act</u>.

Grose Brothers' delay in proceeding with arbitration justifies dismissal of the case for failure to comply with the Federal Arbitration Act. Section 3 of the Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, <u>providing the applicant for the stay is not in default and proceeding with such arbitration</u>. 9 U.S.C. § 3 (Emphasis added.)

When a stay under Federal Arbitration Act is entered, the district court retains jurisdiction to ensure that arbitration proceeds in a timely manner. <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 653-654 (9th Cir. 1991). The issue

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.    10
Case No. A04-0222 Civ.

is not one of the district court's involvement in the arbitration process, but rather a question with regard to the rights of federal court litigants. Id. at 654. The Court's on-going jurisdiction over the stayed case allows it to dismiss an action where the moving party is in default in proceeding with arbitration. Id.

Grose Brothers' delay in seeking arbitration and disregard for the Court's order justifies the Court's dismissal of this case pursuant to the Federal Arbitration Act. It is clear that Grose Brothers had no intention of going forward with the arbitration in good faith. Under 9 U.S.C. § 3 Grose Brothers can be deemed "in default in proceeding with such arbitration."

C.      Grose Brothers' Waived Any Right To Arbitration.

Grose Brothers' dilatory conduct in this case constitutes a waiver of any right to arbitrate. Waiver of the right to arbitration is found with (1) knowledge of an existing right to compel arbitration, (2) acts inconsistent with that existing right, and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185, 1187 (9th Cir. 1986).

Grose Brothers was terminated from the project on October 1, 2003. (Ex. 1 to Affidavit of Ronald Young.) Grose Brothers executed a contract on May 16, 2002, which contract contained an arbitration clause. (Complaint, Ex. 2 at p. 15.) Thus, Grose Brothers was aware of a right to compel arbitration when the contract was executed. After Grose Brothers was terminated from the project on

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.      11
Case No. A04-0222 Civ.

October 1, 2003, it knew or should have known of any potential claims arising out of the project against DPG or the Sureties. Grose Brothers did not file a demand for arbitration until February 2007, nearly three and a half years later. Grose Brothers has provided no explanation for its delay and failure to respond to the Court's order requiring a status report. Grose Brothers clearly made no good faith effort in order to proceed with arbitration but has simply allowed the lawsuit to languish.

The prejudice to the Sureties is clear. The Court may presume from the length of time that has elapsed between these events, the Sureties' ability to defend the case has been prejudiced. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Given Grose Brothers' dilatory conduct in this case, the Court should find that it has waived any right to arbitration and dismiss the present civil action.

## IV.    CONCLUSION

Grose Brothers' Federal Court civil action must be dismissed with prejudice. Dismissal is appropriate under Federal Rule of Civil Procedure 41(b) for Grose Brothers' failure to prosecute its case. Second, dismissal is appropriate under Federal Arbitration Act for Grose Brothers' default in proceeding with arbitration. Third, this Court can find that Grose Brothers waived its right to arbitration.

LAW OFFICE OF
**DAVISON & DAVISON, INC.**
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873

STATUS REPORT
GBC, LLC dba Grose Bros. v. Continental, et al.     12
Case No. A04-0222 Civ.

For the reasons herein stated, defendant Sureties respectfully request

that Grose Brothers' civil action be dismissed with prejudice.

DATED at Anchorage, Alaska this 6th day of April 2007.

DAVISON & DAVISON, INC.
Attorneys for Defendants Continental
Casualty Co.; National Fire Insurance Co.
of Hartford; Seaboard Surety Co.; and St.
Paul Fire and Marine Insurance Co.

By:   /s/ Joseph A. Pollock
    Joseph A. Pollock, ABA 9611070
    3351 Arctic Boulevard
    Anchorage, AK  99503
    Phone:  907-563-6555
    Fax:  907-562-7873
    E-mail:  japollock@gci.net

THIS IS TO CERTIFY that on the 6th day
of April 2007, the original above-referenced
document was electronically filed on:

Office of the Clerk
U.S. District Court
222 W. 7th Ave., Box 4
Anchorage, AK  99513

and I hereby certify that on the 6th day of April 2007,
a copy of the foregoing document was served electronically on:

Mr. Raymond Royce
Mr. Jason Bergevin
LAW OFFICES OF ROYCE & BRAIN
1407 W. 31st Ave., 7th Floor
Anchorage, AK  99503

/s/ Julie Eibeck, Legal Secretary
Certification Signature

LAW OFFICE OF
DAVISON & DAVISON, INC.
3351 ARCTIC BOULEVARD
ANCHORAGE, ALASKA 99503
(907) 563-6555
FAX (907) 562-7873